UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **SYLVIA MAE DUFOUR** | **15-11392** |
| | SECTION A |
| DEBTOR(S) | CHAPTER 13 |

## REASONS FOR DECISION

This matter came before the Court on the confirmation of the Plan of Reorganization[1] filed by the debtor, Sylvia Mae Dufour ("Debtor").

**I. Findings of Fact**

Debtor and her husband owned real property located at 1016 Webster St., Kenner, LA ("the Property"). Following her husband's death, Debtor owns 50% of the Property; her major children are naked owners of the other 50%; and she has a usufruct over their interest. It is undisputed that the total value of the Property is $62,000 and that Debtor resides in the Property and has claimed a Louisiana Homestead Exemption.

On June 4, 2015, Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code[2] as well as her Plan of Reorganization[3] ("Plan"). The Plan provides for a payment to the chapter 13 Trustee of $130 per month for 36 months for the benefit of Debtor's creditors.[4]

Confirmation of a chapter 13 plan requires that the proposed distribution to unsecured creditors is equal to or greater than the amount they would have received had the debtor liquidated

---

[1] P-13.

[2] P-1.

[3] P-2.

[4] Debtor has no secured or priority creditors but only unsecured creditors.

his or her assets in a case under chapter 7.[5]  The minimal amount a debtor is required to pay to unsecured creditors is commonly known as the "liquidation value."

Debtor's Plan asserts that her liquidation value is "0." Consequently, Debtor assets that in a case under chapter 7, her unsecured creditors would receive no distribution. The Trustee objects to confirmation on the basis that the liquidation value of Debtor's estate is $9,629, and the Plan does not pay unsecured creditors that amount.

The dispute over calculation of Debtor's liquidation value concerns the application of the homestead exemption to Debtor's residence. Debtor contends that the homestead exemption should be deducted from the value of only her interest in the Property. The Trustee, on the other hand, contends that the homestead exemption should be deducted from the total value of the Property.

## II. Conclusions of Law

11 U.S.C. §522 exempts certain property of the debtor from distribution to claimants. The purpose of the statute is to provide the debtor with minimal assets with which to begin life once relieved from the burdens of pre-petition debt.[6] These assets have been legislatively selected in an effort to provide subsistence. State law exemption statutes codify a public policy which protects some assets from seizure to avoid the debtor or his family becoming a burden on the state.[7] Congress has deemed exempt assets crucial to the debtor's fresh start.

The Bankruptcy Code contains two options, or schemes, for identifying property which is exempt. The first is a federal list contained in 11 U.S.C. § 522. The second allows, at the option

---

[5] 11 U.S.C. § 1325(a)(4).

[6] *In re Mitchell*, 80 B.R. 372, 374 (Bankr.W.D.Tex. 1987).

[7] *Laurencic v. Jones,* 180 So.2d 803, 805 (La.App. 4 Cir. 1965).

of a state, the adoption of state law exemptions. Louisiana has elected to utilize state law exemptions rather than those provided by the Bankruptcy Code.[8] As a result, Louisiana law controls the property upon which an exemption may be claimed.

The Louisiana homestead exemption is created under the Louisiana Constitution, Art. XII § 9. Louisiana courts dictate that exemption laws are to be liberally construed in favor of the debtor.[9]

La. R.S. 20:1(A) provides an exemption against seizure or sale of a residence occupied by the owner of the land on which the residence is located up to a value of $35,000. A surviving spouse can claim the exemption in certain circumstances:

> The exemption provided in Subsection A shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either the husband or wife...[10]

Debtor owns half of the Property and has a usufruct over the other half. La. R.S. 20:1(B) allows her to claim a homestead exemption on the Property. Because her children, who are naked owners of half of the Property, are not minors, they are not allowed to claim a homestead exemption.[11] The public policy of protecting minor children who cannot support themselves no longer exists because they have reached majority.[12]

---

[8] La. R.S. 13:3881(B)(1).

[9] *Young v. Geter*, 170 So. 240 (La. 1936); *Fant v. Miller*, 170 So. 412 (La. App. 1936); *Laurencic v. Jones*, 180 So.2d 803 (La. App. 4th Cir. 1965); and *Mounger v. Ferrell*, 11 So.2d 56 (La. App. 2d Cir. 1942).

[10] La. R.S. 20:1(B).

[11] *In re Mazou*, 240 B.R. 878 (E.D.La. 1999).

[12] *Id.* at 883-884.

3

Only one $35,000 homestead exemption can be claimed on the Property,[13] and only Debtor has the right to claim it. Debtor has a full interest in one-half of the Property and a usufruct over the other half. By statute, Debtor can claim a homestead exemption, and by statute, her children cannot. Because only Debtor may claim the homestead exemption, there is no danger of a double exemption being requested and no need to "split" the homestead exemption between the various ownership interests.

This situation is distinguishable from cases in which there are minor children or spouses owning property in community. In *Schexnayder*, a husband and wife each owned an undivided one-half interest in their home. The husband was credited with the full value of the homestead exemption against the whole property because the property was owned by the community. The Court found that the wife could not then claim the exemption on a one-half interest in the property because it would allow for double recovery.[14] In the case at bar, the Property is not held in community, and only Debtor may claim an exemption.[15]

The case of *Tinney v. Vittur*[16] is also distinguishable. In *Tinney*, a widow and her minor children owned property. The Court found that a homestead exemption applied over the entire property rather than only the widow's interest. The ruling is in keeping with the public policy of

---

[13] *See In re Schexnayder*, 532 B.R. 667 (Bankr.M.D.La. 2015) (citing *Dehmer v. Temple*, 826 F.2d 1463 (5th Cir. 1987)). In *Dehmer*, both the debtor and the non-filing spouse claimed a Mississippi homestead exemption. The Fifth Circuit ruled that doubling the exemption would create a windfall to the non-filing spouse and a loss to creditors.

[14] *Id*. at 671.

[15] In other cases, this Court has applied the homestead exemption to reduce the entire value of property rather than apply it to only one-half. This is because the entirety of the community was property of the estate.

[16] *Tinney v. Vittur*, 134 La. 549 (1914).

4

protecting not only the surviving spouse but also minor children who cannot support themselves. However, in the case at bar, there are no minor children to protect, so the surviving spouse is allowed to claim the entire exemption on her interest in the Property.

The Property has a total value of $62,000, so Debtor's half interest has a value of $31,000. To this must be added the value of Debtor's usufructuary interest, or $4,855.53,[17] which makes the total value of Debtor's interest $35,855.53. After subtracting the homestead exemption of $35,000 and 10% sales costs of $3,585.55, the net value of the Property for purposes of the liquidation analysis is ($2730.02).

The liquidation analysis shows that had Debtor liquidated her assets in a case under chapter 7, there would have been no distribution to unsecured creditors. Therefore, the distribution proposed by Debtor in her Plan of $130 per month for 36 months is greater than the amount they would have received had Debtor liquidated her assets in a case under chapter 7. Accordingly, the Court will confirm Debtor's Plan. The Court will enter a separate Order in accord with this ruling.

New Orleans, Louisiana, October 14, 2015.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[17] The value of Debtor's usufructuary interest was calculated based on Internal Revenue Service Publication 1457 and Table S with interest at 2% based on Section 7520. For a person who is 79 years old, as Debtor was on the petition date, Table S shows a life estate value of 0.15663 at 2% interest. When 0.15663 is multiplied by $31,000, the product is $4,855.53.